# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JONATHAN DALE KNIGHT,**

    **Plaintiff,**

**-vs-**              Case No. 6:11-cv-1813-Orl-31KRS

**ORANGE COUNTY GOVERNMENT;**
**JOHN C. DAVIS; DEAN R. STASIAK;**
**THOMAS HUNGERFORD; and JUDGE**
**STANLEY STRICKLAND,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**  **November 15, 2011**

  Plaintiff Jonathan Knight, appearing *pro se*, filed a civil rights complaint form naming Orange County, corrections officers John C. Davis, Dean Stasiak and Thomas Hungerford, and Circuit Judge Stanley Strickland as defendants. Doc. No. 1. The gist of Knight's complaint is that he was wrongfully denied protective custody while incarcerated at the Orange County jail, as a result of which he was assaulted by other inmates. Knight alleges that he was deprived of due process and that his rights under the Fifth and Eighth Amendments to the United States Constitution were violated.

He seeks $2,000,000 in damages and requests that the corrections officers be terminated. He also seeks leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Turning first to Defendant Strickland, the governing law provides that "[j]udges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal citations and quotation marks omitted). Documents attached to the complaint reflect that Judge Strickland was the presiding judge in the case of *State of Florida v. Jonathan Dale Knight*, Case Number 08-CF-8278/A. Doc. No. 1-1 at 4. The minutes of a hearing before Judge Strickland reflect that Plaintiff was to be held in protective custody. *Id.* Plaintiff alleges that Judge Strickland fallaciously rescinded the order of protective custody, but he does not attach a copy of a rescission order. Doc. No. 1 at 8. He contends that Judge Strickland's actions deprived him of due process under the Fifth Amendment apparently because the rescission order was not entered in open court following a hearing at which Plaintiff and his counsel could be heard. *Id.* The allegations of the complaint are insufficient to

establish that Judge Strickland acted in clear absence of all jurisdiction with respect to orders entered in Plaintiff's criminal case. Therefore, on the present allegations the claims against Defendant Strickland are due to be dismissed because he is absolutely immune.

Plaintiff alleges that Defendants Davis, Stasiak and Hungerford are corrections officers working at the Orange County Jail. Doc. No. 1 at 7. He alleges that they sent information to Judge Strickland falsely stating that Plaintiff did not require protective custody. *Id.* at 8. He further alleges that Defendants Davis and Stasiak told the entire housing unit that Plaintiff was a snitch and a former bail bondsman. He alleges that one of these Defendants "told all of the inmates they could assault and rape" him. He alleges that all three of these Defendants stated that "they did not care about [his] safety" and that "it would be entertaining" to see Plaintiff assaulted. *Id.* Plaintiff alleges that he was physically assaulted and raped on September 13, 2008 by other inmates before another corrections officer put him back in protective custody. He further alleges that Defendant Davis thereafter assaulted him while in protective custody. *Id.* at 9. He submits that these acts violated his Eighth Amendment right to be free of cruel and unusual punishment.[1]

"The failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation." *Concepcion v. Dowd*, No. 6:08-cv-2130-Orl-35GJK, 2011 WL 2560451, at * 7 (M.D. Fla. June 28, 2011) (citing *Smith v. Wade*, 461 U.S. 30 (1983)). A plaintiff must show that

---

[1] It is not clear whether the alleged assaults occurred while Plaintiff was a pretrial detainee or after conviction. The Eighth Amendment applies to convicted inmates. A pretrial detainee's constitutional rights arise from the Due Process Clause of the Fourteenth Amendment. "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc).

the conditions under which he was incarcerated presented a substantial risk of serious harm to him, to which defendants responded in an objectively unreasonable manner. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official who ignores a substantial risk of serious harm to an inmate must have a sufficiently culpable state of mind. *Id.* The allegations of the amended complaint are sufficient as to Defendants Davis, Stasiak and Hungerford to permit the case to proceed as to them.

As to Defendant Orange County, "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Rather, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be said to represent official policy, inflicts the injury, that the government as an entity is responsible under § 1983." *Payne v. Monroe County*, 779 F. Supp. 1330, 1333 (S.D. Fla. 1991) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). In the complaint, Plaintiff does not allege that Defendant Orange County had any policy or custom that provides a causal link to Plaintiff's injuries. Therefore, the complaint is also due to be dismissed as to Orange County without prejudice to filing an amended complaint alleging facts sufficient to support a claim against Orange County.

For these reasons, I respectfully recommend that the complaint be **DISMISSED** as to Defendants Strickland and Orange County Government. I further recommend that Plaintiff be given leave to file an amended complaint as to all Defendants within the time permitted by the Court.[2] The Clerk of Court should be directed to mail to Plaintiff a new civil rights complaint

---

[2] Plaintiff should not name Defendant Strickland in the amended complaint unless he can allege facts sufficient to establish that Defendant Strickland is not protected by absolute judicial

form. I further recommend that the Court **DEFER** ruling on the motion to proceed *in forma pauperis* until receipt of an acceptable amended complaint so that the Court can instruct Plaintiff on how to prepare the service forms as to each Defendant named in the amended complaint. Plaintiff should be cautioned that failure to file an amended complaint within the time permitted by the Court will result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 1, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

immunity.